**In re the Matter of the ADOPTION OF A.M.K.**

**Michael KROVITCH, Appellant–Respondent,**

v.

**Toni and Michael STULL, Appellees–Petitioners.**

**No. 71A03–9802–JV84.**

Court of Appeals of Indiana.

Aug. 31, 1998.

---

Rochelle Meyers, Fred R. Hains & Associates, South Bend, for Appellant–Respondent.

Charles P. Rice, South Bend, for Appellees–Petitioners.

## OPINION

BAKER, Judge.

Appellant-plaintiff Michael Krovitch appeals the trial court's denial of his motion contesting the adoption of his biological daughter, A.M. Specifically, Krovitch claims that the evidence was insufficient to dispense with his purported required consent to the adoption, that the trial court erred in terminating his representation by court-appointed counsel, and that the trial court erroneously ordered him to reimburse the County for attorney fees.

### *FACTS*

The facts most favorable to the judgment reveal that A.M. was born on December 28, 1995 to Colleen Hardesty, a single person. Upon A.M.'s birth, Krovitch signed an affidavit acknowledging paternity. The medical expenses associated with Colleen's pregnancy and A.M.'s birth were paid for by Colleen's mother, Deb Hardesty, who claimed A.M. as a dependent for income tax purposes.

Krovitch withdrew from high school prior to A.M.'s birth and did not work for the first year of his daughter's life. As a result, Krovitch offered no financial support for A.M. In the first sixteen months of A.M.'s life, Krovitch testified that he paid a total of $300–$400 towards her support. Record at 630–31. Krovitch acknowledged, however, that he did not pay any support at the times when he was unemployed. R. at 604. Additionally, Krovitch paid the money directly to his mother, with whom A.M. and Colleen periodically stayed. R. at 169, 966. Krovitch's mother testified that he had paid only rent, in the amount of $25 per week while he worked and that he looked primarily to her for support. R. at 114–15.

The Stulls filed a petition to adopt A.M. on April 21, 1997, with Colleen's consent. On April 25, 1997, Krovitch filed a Motion to Contest the Adoption. Following a hearing on September 26, the trial court found that Krovitch had, for a period of at least one year, failed to provide for the care and support of A.M. and granted the Stulls' Petition for Adoption. Further, the court terminated his representation by court-appointed counsel and ordered him to reimburse the County for attorney fees. Krovitch now appeals.

## DISCUSSION AND DECISION

### I. Standard of Review

■ This court will not disturb the trial court's decision in adoption proceedings unless the evidence at trial leads to but one conclusion and the trial court reached an opposite conclusion. *Williams v. Townsend*, 629 N.E.2d 252, 253 (Ind.Ct.App.1994). Additionally, we will not reweigh the evidence, but will examine only the evidence most favorable to the trial court's decision. *Matter of Adoption of Marcum*, 436 N.E.2d 102, 103 (Ind.Ct.App.1982).

### II. Parental Consent in Adoption

Krovitch initially contends that the trial court erred in granting the petition for adoption because he did not give his consent for the Stulls to adopt A.M. Specifically, Krovitch claims that the trial court erred in determining that he had knowingly failed to provide for the care and support of A.M. when he was able to do so.

IND.CODE § 31-3-1-6(k)(10)(B)[1] states, in relevant part that:

Consent to adoption is not required from ... A parent of the child in the custody of another person, if for a period of at least one (1) year the parent ... knowingly fails to provide for the care and support of the child when able to do so as required by law or judicial decree.

Additionally, IND.CODE § 31-19-9-8(b) provides that, "If a parent has made only token efforts to support ... the child, the court may declare the child abandoned by the parent."

■ In applying these statutes to the instant case, we note that the evidence demonstrated that Krovitch executed an affidavit shortly after A.M.'s birth acknowledging paternity and his obligation to support A.M. R. at 543. Contrary to Krovitch's assertions that he financially supported A.M., Colleen's mother testified that he made no payments for A.M.'s support. R. at 646. Moreover, Krovitch's own testimony was contradictory with respect to the amount and number of support payments that he purportedly made. R. at 631-34. We also note that the trial court determined Krovitch to be voluntarily unemployed. R. at 447. We also note that the trial court determined Krovitch made no claim that he was unable to work or that he suffered an impairment that prevented him from working. As a result, it was reasonable for the trial court to conclude that Krovitch knowingly failed to support A.M. for a period of at least one year as set forth in I.C. § 31-3-1-6. Therefore, it was proper for the trial court to dispense with Krovitch's consent.

### III. Termination of Court-Appointed Counsel

Krovitch next contends that the trial court erred in terminating his representation by court-appointed counsel, and cites to IND. CODE § 31-32-4-3, which provides that:

If:

(1) a parent in proceedings to terminate the parent-child relationship does not have an attorney who may represent the parent without a conflict of interest; and

(2) the parent has not lawfully waived the parent's right to counsel ... the juvenile court shall appoint counsel for the parent at the initial hearing or at any earlier time.

■ While Krovitch contends that he was entitled to court-appointed counsel under this statute, I.C. 31-32-4-3 has been construed to apply to nonconsenting *indigent* parents in adoption proceedings. *See In the Matter of the Petition of Dennis M. McClure to Adopt Benjamin Forest Bauer*, 549 N.E.2d 392, 394 (Ind.Ct.App.1990).

1. This statute has been recodified at IND.CODE § 31-19-9-8.

Additionally, a companion statute, IND.CODE § 34–10–1–2, states:

If the court is satisfied that the person who makes an application [to proceed as an indigent person] does not have sufficient means to prosecute or defend the action, the court shall

(1) admit the applicant to prosecute or defend as an indigent person; and

(2) assign an attorney to defend or prosecute the cause.

Notwithstanding the above, the court may also annul an order assigning counsel "if the person [who was assigned representation as an indigent person] is guilty of (1) any improper conduct." I.C. § 34–10–2–2.

In the instant case, the court found that Krovitch misrepresented his indigency status in an affidavit he had submitted to the court. Krovitch testified at trial that he was employed full-time and earning overtime as well but had not informed the court of his employment. R. at 445, 824, 828. Krovitch also testified that he had not wanted a job "flipping burgers" and that he had left one job because he was concerned about what Colleen was doing when he was at work. The court consequently found that Krovitch had been voluntarily unemployed. R. at 446, 549–552. As a result, the trial judge could find that Krovitch's misstatements in his indigency affidavit rose to the level of "improper conduct" under I.C. § 34–10–2–2. Therefore, it was not erroneous to terminate Krovitch's representation by court-appointed counsel.

### IV. Repayment of Attorney Fees

Finally, while I.C. § 34–10–2–2 allows for annulment of an order appointing counsel, there is no provision regarding an obligation to repay attorney fees once representation has ceased. However, we recognize here the same policy considerations underlying the statutory provision for annulling an order assigning counsel. Our case law places indigency determinations in the sound discretion of the trial courts. *Campbell v. Criterion Group,* 605 N.E.2d 150, 159 (Ind. 1992). As a party's abuse of purported indigency status will not be rewarded, we conclude that the trial court's decision ordering

Krovitch to repay the attorney fees rests within its discretion. In light of the facts presented, we find that there was no abuse of discretion.

### CONCLUSION

For the reasons stated above, the evidence supported the trial court's decisions to dispense with Krovitch's consent to the adoption proceeding, to terminate Krovitch's court-appointed counsel, and to order Krovitch to reimburse attorney fees to the County.

Judgment affirmed.

DARDEN and BAILEY, JJ., concur.